IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS PIERCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-00739-BT |
| | § | |
| AMERIFIELD INC., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Amerifield Inc. has filed a Rule 12(b)(6) motion to dismiss Plaintiff Douglas Pierce's complaint for failure to state a claim. Mot. (ECF No. 18); *see* Fed. R. Civ. P. 12(b)(6). As explained in this Memorandum Opinion and Order, the Court DENIES Amerifield's motion because Pierce has alleged sufficient facts, when accepted as true and viewed in the light most favorable to Pierce, to state a claim for wrongful discharge under Texas law.

## **Background**

Pierce was an at-will employee of Amerifield. Compl. 1-2 (ECF No. 1). Pierce worked for Amerifield on three separate occasions. *Id.* at 2. The last of which was from June 1, 2019, to December 9, 2020. *Id.* at 3; Mot. 1.

Amerifield hired Pierce to perform Department of Transportation (DOT) inspections. Compl. 3. Amerifield "directed [him] to stamp trucks as fully inspected and DOT approved, even though they knew that the trucks had not passed DOT inspections." *Id.* Additionally, Amerifield "directed [Pierce] to

1

perform approximately twenty (20) to thirty (30) DOT inspections a day" when "it takes an hour to do one . . . inspection." *Id.* at 4. Therefore, according to Pierce, Amerifield knowingly assigned him "impossible task[s]" that prevented him from complying with DOT regulations. *Id.*

According to Pierce "a person commits an offense," under Texas Transportation Code § 548.603, when "the person knowingly does not comply with an emissions inspection requirement for a vehicle" or "makes . . . a counterfeit vehicle inspection report," *id.* at 4-5 (quoting Tex. Transp. Code § 548.603(a)-(b)(1). An offense under § 548.603 is a Class B misdemeanor or third-degree felony. *Id.* at 5 (quoting Tex. Transp. Code § 548.603(d)).

Pierce alleges Amerifield terminated him after he complained that "he could not legally perform so many inspections in such a short period of time." Compl. 4. Amerifield told him that "the company 'was going in a different direction.'"

In response, Pierce filed this lawsuit on March 30, 2021, alleging wrongful discharge under Texas law. *See* Compl. 6. On November 8, 2021, Amerifield filed its motion to dismiss pursuant to Rule 12(b)(6). Pierce filed his response, Resp. (ECF No. 22), and Amerifield filed its reply, Reply (ECF No. 24). Accordingly, the motion is fully briefed and ripe for determination.

**Legal Standard**

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

2

(5th Cir. 2007) (internal quotations and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

**Analysis**

Pierce asserts Amerifield wrongfully terminated him because he refused to commit a criminal offense.[1] Compl. 3-5. Amerifield argues Pierce failed to allege sufficient facts to state a claim for wrongful discharge under Texas law because he failed to allege that Amerifield required him to commit any illegal act at all. Mot. 10.

Under Texas law, an employer can be liable for wrongful discharge if it terminates an employee solely for the employee's refusal to perform an illegal act. *Ins. Safety Consultants, LLC v. Nugent*, 2018 WL 4732430, at *7 (N.D. Tex. Sept. 12, 2018) (Rutherford, J.) (citing *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985)), *rec. adopted*, 2018 WL 4725244 (N.D. Tex. Sept. 30, 2018) (Scholer, J.). To prevail on a claim for wrongful discharge, Pierce must show: (1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; and (4) the sole reason

---

[1] In his complaint, Pierce also alleged that Amerifield wrongfully terminated him in July 2018 and April 2019 because he refused to commit criminal offenses. Compl. 2-3. However, the Court finds that Pierce abandoned any wrongful discharge claim based on these terminations. Specifically, Pierce states in his response to Amerifield's motion that his reference to the prior terminations was merely to demonstrate Amerifield's "practice of terminating him for refusing to commit criminal acts." *See* Resp. 3. Pierce also concedes that any claim based on the July 2018 termination is barred by limitations. *See id.*; *Budri v. FirstFleet Inc.*, 2019 WL 5587181, at *15 (N.D. Tex. Sept. 20, 2019) (Ramirez, J.) (noting the statute of limitations for a claim asserted under the *Sabine Pilot* doctrine is two years), *rec. adopted*, 2019 WL 5579971 (N.D. Tex. Oct. 29, 2019) (Brown, J.).

for his discharge was his refusal to commit an unlawful act. *Id.* (citing *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003)).

Here, Pierce alleges Amerifield required him to complete 20 to 30 DOT inspections per day. Compl. 4. According to Pierce, he could not legally perform so many inspections in such a short period of time. *Id.* Pierce also alleges Amerifield ordered him to falsely issue DOT inspection stickers for non-compliant trucks. *Id.* 3, 4. He contends that falsifying and counterfeiting DOT inspections are crimes under Texas law that carry criminal penalties. *Id.* 4. Pierce alleges he informed Amerifield he was unwilling to perform an inspection that did not comply with DOT regulations or issue a sticker for non-compliant trucks, and Amerifield discharged him because "the company 'was going in a different direction.'" *Id.*

Amerifield argues Pierce has failed to state a claim under the *Sabine Pilot* doctrine because "[t]here is nothing *per se* illegal about inspecting twenty to thirty trucks in a single day," and Pierce "does not reference any statute or regulation which requires inspections to [be] at least an hour." Reply 3; *see* Mot. 7-9. According to Amerifield, the "mere prospect that performing a task could require someone to break a law is insufficient to state a [claim]." Reply 3; *see* Mot. 7-9. (emphasis in original). However, Amerifield misconstrues Pierce's allegations.

Unlike Amerifield's assertion, Pierce does not state that inspecting 20 trucks *could* require him to break the law; to the contrary, Pierce alleges it *would* require him to break the law. Whether that's true or not, is a question of fact, which is not a question for this Court at this stage. At this stage, the Court accepts Pierce's well-

5

pleaded facts as true in a light most favorable to him. And Pierce alleges Amerifield required him to complete more inspections in a day than he could legally perform and ordered him to falsely issue DOT inspection stickers for non-compliant trucks. *Id.* 3, 4. Pierce refused Amerifield's orders, and he was fired. *Id.* 4. Therefore, Pierce has set forth sufficient factual allegations that, if proven true, satisfy the prima facie elements of a wrongful discharge claim under Texas law.

## Conclusion

Pierce stated a claim for relief from wrongful discharge under Texas law. Accordingly, the Court DENIES Amerifield's motion to dismiss (ECF No. 18).

**SO ORDERED.**

August 1, 2022.

								_____
								REBECCA RUTHERFORD
								UNITED STATES MAGISTRATE JUDGE