IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS PIERCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-00739-BT |
| | § | |
| AMERIFIELD, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Amerifield, Inc. has filed a Motion for Summary Judgment (ECF No. 34) on Plaintiff Douglas Pierce's claim for wrongful discharge under *Sabine Pilot*. Because no reasonable jury could conclude on this summary judgment record that the Texas statute on which Pierce relies applied to Amerifield's alleged directive to issue inspection stickers for non-compliant vehicles in Louisiana, Pierce cannot prove an essential element of his claim. Therefore, the Court **GRANTS** Amerifield's Motion and **DISMISSES** Pierce's case in its entirety. For the reasons explained below, the Court also imposes Rule 11(b) **SANCTIONS** on Pierce's Counsel.

## Background

This employment action arises out of Pierce's allegation that his employer, Oklahoma-based trucking company Amerifield, wrongfully discharged him for refusing to perform an illegal act. Compl. 4 (ECF No. 1). Pierce worked at

Amerifield on and off for several years, and was last rehired as an at-will employee in June of 2019. MSJ App. 23 (ECF No. 36). In 2019, Pierce lived in Louisiana and worked at Amerifield's location in Louisiana performing Department of Transportation inspections. *Id.* at 23, 25–26, 29. However, Pierce contends that he was instructed to completely forgo inspections and put stickers on trucks that he knew had not been inspected in the past year. Pl.'s Resp. Ex. 1 at 24, 41 (ECF No. 39). He claims his supervisors directed him to do so on several occasions throughout his term of employment. MSJ App. 44. Pierce further contends that Amerifield directed him to perform 20 to 30 inspections a day—which was impossible. *Id.* at 57. In December 2020, Amerifield fired Pierce, citing a failure to meet performance expectations, *id.* at 118—but Pierce claims that the real reason for his termination was his refusal to issue DOT inspection stickers for uninspected vehicles. Pl.'s Resp. Ex. 1 at 19.

Pierce filed suit in 2021, alleging wrongful discharge for his refusal to perform an illegal act and seeking damages for unpaid compensation, lost benefits, mental anguish, emotional distress, punitive damages, and attorneys' fees.[1] Compl. The Court denied Amerifield's Motion to Dismiss for Failure to State a Claim, *see*

---

[1] Pierce alleged that Amerifield wrongfully terminated him in July 2018, April 2019, and December 2020 because he refused to commit criminal offenses. Compl. 2–3. However, the Court found that Pierce abandoned any wrongful discharge claim based on the 2018 and 2019 terminations. *See* Mem. Op. 4, n.1. Additionally, Pierce conceded that any claim based on the July 2018 termination is barred by the statute of limitations. See MTD Resp. 3 (ECF No. 22). Pierce's sole remaining claim is for wrongful termination arising out of his December 2020 termination.

Mem. Op. (ECF No. 32), and after the completion of Discovery, Amerifield filed its Motion for Summary Judgment (ECF No. 34) and Brief in Support (ECF No. 35). Pierce filed a Response (ECF No. 39), and Amerifield filed its Reply (ECF No. 40) and Brief in Support (ECF No. 41).

Pierce's Complaint did not allege where he worked during the relevant term of employment from June 2019 to December 2020. *See* Compl. However, the Complaint brought a Texas state law claim and averred that venue is appropriate here, in the Northern District of Texas, "because the acts alleged . . . took place in whole or in part within the boundaries of this District." Compl. 2. In examining the summary judgment record—specifically, deposition testimony from Pierce that he worked in Louisiana during the relevant period—the Court became concerned that statements in Pierce's Complaint may violate Rule 11(b)(2) and/or (3). *See* Show Cause Order (ECF No. 42). The Court ordered Pierce's Counsel to appear in person at a hearing and show cause why the statements affirming that the acts alleged took place in whole or in part in this District did not violate Rule 11(b)(2) and/or (3). Counsel did not appear at the hearing, but after the Court entered its minute entry for the proceedings, he filed an untimely response to the Show Cause Order, *see* Show Cause Resp. (ECF No. 44), and a status report with the heading "Explanation for Failure to Appear Before the Court." Status Report (ECF No. 46).

The parties have thus had a fair opportunity to brief the summary judgment issues and present evidence in support of their arguments. Amerifield's Motion is ripe for determination.

## Legal Standards

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). Further, a nonmoving party opposing summary judgment who bears the burden of proof at trial "must produce evidence to establish the existence of each element for which he bears the burden of proof."

4

*Andrews v. CompUSA, Inc.*, 2002 WL 265089, *2 (N.D. Tex. Feb. 21, 2002).  "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

Rule 11(b) provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (3). Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). That is, "Rule 11(c) permits a court to impose sanctions against an attorney who, without

5

an inquiry that is reasonable under the circumstances, presents a pleading that advances a claim that is not warranted by existing law or makes allegations and other factual contentions that lack evidentiary support." *Crank v. Crank*, 1998 WL 713273, at *3 (N.D. Tex. Oct. 8, 1998), aff'd, 194 F.3d 1309 (5th Cir. 1999) (citing Fed. R. Civ. P. 11(b)(2) and (3)). Before awarding sanctions on its own initiative, however, a court must enter an order describing the specific conduct that appears to violate Rule 11(b) and direct the attorney or party to show cause why it has not violated the Rule. *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009).

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Further, sanctions issued on the court's own initiative must be limited to a nonmonetary directive or payment of a penalty into the court. *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 380 (5th Cir. 2008).

## Analysis

Amerifield moves for summary judgment on the basis that Pierce has failed to satisfy at least one element of his *Sabine Pilot* claim.[2] The Court agrees that

---

[2] Amerifield also points out procedural errors in Pierce's Response and argues that the Court should accept its facts as undisputed due to these procedural deficiencies. *See* Reply Br. 6–7 (ECF No. 41). Specifically, Amerifield points to Local Rules 56.4, 56.5, and 56.6 of this Court, which require that a response to a motion for summary judgment be accompanied by a separate brief setting forth the arguments and a separate appendix including any materials in the record that the party intends to rely upon. L.R. 56.5(a) & 56.6. Arguments and authorities are not to appear in the response and should be confined to the accompanying brief. L.R. 56.4(c). Pierce did not file a response with a separate brief and appendix.

Amerifield is entitled to summary judgment because no reasonable jury could conclude on this record that the Texas statute cited by Pierce applied to the alleged directive to issue inspection stickers for non-compliant vehicles in Louisiana. Therefore, Pierce cannot prove an essential element of his claim. Because summary judgment is warranted on this ground, the Court need not reach the question of whether there is evidence to support Pierce's various claims for damages.

The Court also *sua sponte* imposes sanctions on Pierce's Counsel due to statements in Pierce's Complaint that violate Rules 11(b)(2) and (3).

## I.

*Sabine Pilot* created a narrow public policy exception to Texas's employment-at-will doctrine. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985). While an employer in most cases may terminate an at-will employee at any time without cause, it cannot discharge an employee solely

---

Instead, he filed a single document: a memorandum that included his argument as well as the record evidence as an exhibit. *See* Pl.'s Resp. The local rules of this Court "are not idle requirements," and Pierce's disregard for those rules could warrant denial of a motion, the striking of a response from the record, or dismissal. *See Graham v. Dallas Indep. Sch. Dist.*, 2006 WL 2468715, at *1–2 (N.D. Tex. Aug. 24, 2006) (adopting the magistrate judge's recommendation to strike plaintiff's summary judgment materials from the record due to their failure to comply with local rules 56.5 and 56.6); *Navarro v. Bank of America, N.A.*, 2016 WL 7705904, at *2 (N.D. Tex. May 3, 2016) (denying plaintiff's motion for partial summary judgment for failure to comply with Local Rules 56.5 and 56.6). However, in its discretion, the Court will overlook these procedural shortcomings and consider Pierce's Response as if it were properly filed rather than strike all or part of the filing. *See Anderson v. Dallas Cty., Texas*, 2007 WL 1148994, at *1 n.1 (N.D. Tex. April 18, 2007).

because the employee refused to perform an illegal act. *Id.* at 735. To establish a claim of wrongful termination under *Sabine Pilot*, a plaintiff must prove that (1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; and (4) the sole reason for his discharge was his refusal to commit an unlawful act. *Id.*; *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). A plaintiff must identify a specific statute applicable to his conduct that imposes a criminal penalty. *Akene v. Goodwill Ind. of Central Tex.*, 2018 WL 1128149, *4 (W.D. Tex. Mar. 1, 2018). Further, a plaintiff must show that the employer *required* him to commit an unlawful act—a subjective interpretation or belief that a directive would result in unlawful conduct is not enough. *Id.*

Amerifield argues that it is entitled to summary judgment on Pierce's *Sabine Pilot* claim because on this record, no reasonable jury could conclude that Tex. Transp. Code § 548.603—the statute that Pierce identifies as the basis for his claim—would have applied to the alleged directive to issue inspection stickers to non-compliant vehicles in Louisiana. MSJ Br. 18–21.

Section 548.603(a) provides that a person commits a misdemeanor if (1) he presents a vehicle inspection report to a Texas state official or political subdivision knowing that the report is issued for a vehicle that fails to meet all emissions inspection requirements or issued in violation of Texas law, or the laws of another state or the United States, (2) he seeks a vehicle inspection at a station not certified to perform an emissions inspection, with the intent to circumvent emissions

8

inspection requirements, or (3) he knowingly does not comply with an emissions inspection requirement for a vehicle. Tex. Transp. Code Ann. § 548.603 (eff. March 1, 2015 to Jan. 1, 2025). Section 548.603(b) provides that a person commits a felony if (1) he makes or possesses a counterfeit vehicle inspection report with the intent to sell, circulate, or pass the counterfeit report or (2) he possesses a device used in making counterfeit vehicle inspection reports. Section 548.603(c) applies to vehicle owners and provides that the owner commits a misdemeanor offense if he knowingly allows the vehicle to be registered using a counterfeit vehicle inspection report. The statute defines "counterfeit" as an "imitation of a document that is printed, engraved, copied, photographed, forged, or manufactured by a person not authorized to take that action." Tex. Transp. Code § 548.603(e).

Amerifield urges the Court that summary judgment is appropriate because even if there was evidence in the record that Pierce's conduct satisfied any provision of Section 548.603, Pierce has not shown that the Texas statute should be given extraterritorial effect so as to cover Pierce's conduct while he was in Louisiana. SJ Br. 19–20. Amerifield further points out that there is no genuine dispute that Pierce was working at Amerifield's Louisiana location during the relevant period; indeed, it is a fact Pierce confirms multiple times in his deposition. *See* MSJ App. 23, 25, 38–41 (testifying that he worked at Amerifield's location in Louisiana from June of 2019 to December of 2020 and was directed to issue false inspections "down there in Louisiana"); *see also id*. at 81 (testifying that any documents that would support his claims would be "in the file cabinet down there

in Louisiana"). Pierce fails to identify any evidence in the record that he was working in Texas in 2020 when he was fired allegedly because he refused to issue inspection stickers for non-compliant vehicles. The Court also independently reviewed the entire summary judgment record and found no evidence that Pierce was working in Texas at the time of the alleged conduct underlying his claim.

Because Pierce will have the burden of proof at trial, Amerifield may carry its initial summary judgment burden by demonstrating that there is an absence of evidence to support Pierce's case. *See Celotex*, 477 U.S. at 324. Amerifield has done so by directing the Court to the uncontroverted fact that Pierce worked at Amerifield's yard in Bossier City, Louisiana, during the relevant term of employment, and pointing to an absence of a genuine dispute as to whether the Texas Transportation Code would have applied to Pierce's conduct inspecting vehicles in Louisiana. MSJ Br. 15. Under Texas law, a statute is not given extraterritorial effect unless the intent to do so is clear. *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 682 (Tex. 2006).

The Court must then look to Pierce's Response to determine whether he has gone beyond the pleadings to designate specific facts showing that there is a genuine issue for trial as to whether a statute carrying a criminal penalty is involved. *See Celotex*, 477 U.S. at 324. Without proof that a statute carrying a criminal penalty is involved, Pierce's *Sabine Pilot* claim must fail. *See Hawthorne v. Star Enterprise, Inc.*, 2003 WL 21705370, at *3 (Tex. App.—Amarillo July 23, 2003) (pet. denied) (holding that without evidence supporting the applicability of

a criminal statute that plaintiff was discharged for refusing to violate, the plaintiff had no case under *Sabine Pilot*). Pierce has not provided the necessary proof that a statute carrying a criminal penalty applied to his conduct.

In his Response, Pierce reiterates that Amerifield directed him to issue false DOT inspection stickers, an act he argues violates Section 548.603. Pl.'s Resp. 7. However, Pierce fails to respond to Amerifield's argument that his conduct inspecting trucks in Louisiana was not subject to Texas law. Pierce does not cite to any portion of the statute that would bring the directive in Louisiana under its purview, nor point to any section of his deposition that would create a fact issue as to whether Amerifield directed Pierce to conduct the inspections during the relevant term of employment in a location where he would incur a criminal penalty. *See id*. The Court has no duty to "sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Esquivel*, 2016 WL 6093327, at *2. And as Pierce has failed to point to any specific evidence that supports his opposition to summary judgment, the Court must conclude that the record could not support a finding that the Texas statute Pierce has cited would be applicable here as required for his *Sabine Pilot* claim. *See Akene*, 2018 WL 1128149, at *4 (granting defendant's motion for summary judgment in part because the statutes underlying plaintiff's *Sabine Pilot* claim were not applicable to the facts of the case). Furthermore, despite Pierce's failure to satisfy his burden, the Court independently reviewed the summary judgment record and found no

11

evidence that would create a fact question on this essential element of Pierce's claim.

II.

The Court also concludes that Rule 11(b) sanctions are appropriate here. As the Court explained in its Show Cause Order, it became concerned upon examination of the summary judgment record that certain representations in Pierce's Complaint violated Rule 11(b)(2) and/or (3). Specifically, despite claiming that Amerifield wrongfully discharged Pierce in violation of a presumption under Texas state law and stating that "the acts alleged in this Complaint took place in whole or in part within the boundaries of this District," Pierce clearly stated in his deposition that he worked in Louisiana at the time of the events purportedly giving rise to his claim. Compl. 2; MSJ App. 25.

Q: Have you ever lived outside of the state of Texas.

A: Yeah, *when I worked at Amerifield.*

Q: Where did you - - *where did you work then?*

*A: Louisiana.*

Q: And what town in Louisiana did you live in?

A: Bossier.

Q: Is that Bossier City?

A: Yes, ma'am.

MSJ App. 25 (emphasis added).

12

Pierce's Counsel failed to appear at the hearing as required, and the Court therefore held on the record before it that Counsel violated Rules 11(b)(2) and (3) by making legally and factually frivolous representations in the Complaint. Order (ECF No. 43). Reasonable legal and factual inquiries would have prevented the case from progressing this far, or even being filed at all—*Sabine Pilot* is a Texas state law doctrine, and as discussed above, there is no indication that the state law that Amerifield allegedly directed Pierce to violate should be given extraterritorial effect so as to reach the instructions Amerifield allegedly gave in Louisiana. And a reasonable inquiry would have revealed, before Counsel filed the Complaint, that Pierce worked in Louisiana during the relevant period of employment. Certainly, as discovery progressed and the parties engaged in motion practice, it was clear to Pierce's Counsel that he could not continue to advocate that the factual contentions in his Complaint—that the acts alleged took place "within the boundaries of this District"—have evidentiary support.

Counsel's late-filed Response does little to convince the Court that Rule 11 sanctions are not warranted. Instead, Counsel doubles down on the wholly unsupported factual contentions that Pierce worked in the Northern District of Texas at the time of the relevant alleged conduct. Without a single citation to the record, Counsel attempts to reassure the Court that "[t]he trucks in question were in Texas" and that "Plaintiff was employed at Defendant's facility in Marshall, TX

when he received Defendant's instructions."[3] Show Cause Resp. 2. He claims that he "unintentionally" omitted any allegation about Amerifield's facility being located in Marshall, Texas, *id.*, and he attempts to deflect responsibility for this error by stating that "Plaintiff's place of employment was obviously known to Defendant and this issue was available for inquiry during Plaintiff's deposition." *Id.* Not only are these statements unsupported, but they are plainly contradictory to the factual record. Defense counsel *did* elicit testimony from Pierce about the place of his employment, as evidenced in the excerpt included both in the Court's Show Cause Order and above, where Pierce stated that he worked in Louisiana at the time of his termination from Amerifield. But moreover, Pierce unequivocally testified that Amerifield directed him to issue the false inspection stickers *in Louisiana*:

> Q: All right. So – okay. They wanted – so Dave Shay, Jaqueline Davis, and Jake Ard, *they wanted you to inspect some trucks?*
>
> A: *Yes, down there in Louisiana.* Same deal.
>
> Q: Same deal as what?
>
> A: They wanted me to pass – they wanted me to pass trucks that wouldn't pass and stuff, you know. They wanted me to sticker them whether they passed or not.

MSJ App. 41 (emphasis added). Defense counsel refers a few moments later to "this incident in Louisiana" and Pierce confirms that it took place "just before [he] got

---

[3] The Court takes judicial notice that Marshall, Texas, is located in Harrison County—which is in the Eastern District of Texas. 28 U.S.C. § 124(c)(4).

fired" in 2020. *Id.* at 42. Nowhere in Pierce's deposition does he contradict these statements that he allegedly received instructions in 2020 to perform false inspections in Louisiana. And nowhere in the summary judgment record is there any evidence to support a factual allegation that any conduct that would support a timely *Sabine Pilot* claim occurred in Texas—let alone "this District." Counsel has not shown cause why the legally and factually frivolous representations in the Complaint do not violate Rules 11(b)(2) and (3), and sanctions are therefore appropriate. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564 (5th Cir. 2006).

Having concluded that Counsel violated Rule 11(b), the Court must now impose an appropriate sanction. Sanctions issued on the court's initiative must be limited to a nonmonetary directive or payment of a penalty into the court. *Brunig*, 560 F.3d at 298. Therefore, the Court awards sanctions against Counsel in the amount of $500, to be paid as a penalty to the Court.

## Conclusion

For the reasons stated, the Court determines that no genuine dispute of material fact exists as to Pierce's *Sabine Pilot* claim. Amerifield is therefore entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** Amerifield's Motion for Summary Judgment.

The Court **SANCTIONS** Pierce's Counsel for violating Federal Rule of Civil Procedure 11(b) and **ORDERS** him to pay $500 as a penalty. Counsel must remit his payment to the Clerk of Court no later than January 12, 2024.

**SO ORDERED**.

December 21, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE